**Law Offices of Carlos R. Barrios & Assoc. a P.C.**
Carlos R. Barrios 249654
510 West 6th Street Suite 1210
Los Angeles, CA 90014
Tel.: (213) 599-8414
Fax.: (888) 255-9710

Attorneys for Petitioner,
ARAM MISAEL HERNANDEZ-RAMIREZ

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

ARAM MISAEL HERNANDEZ-RAMIREZ,

Petitioner,

VS.

MARKWAYNE MULLIN, Secretary, United States Department of Homeland Security; TODD BLANCHE, Attorney General of the United States; DAVID J. VENTURELLA, Acting Director, Immigration and Customs Enforcement; THOMAS GILES in his official capacity as Acting Field Office Director for Los Angeles, U.S. Immigration and Customs Enforcement; FERETI SEMAIA, Warden of the Adelanto ICE Processing Center, in his/her capacity as Warden of the Adelanto ICE Processing Center, and DOES 1 to 10, INCLUSIVE.

Respondents.

Case No.

Agency No. 079-542-164

**VERIFIED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241; REQUEST FOR IMMEDIATE RELEASE**

Petitioner ARAM MISAEL HERNANDEZ-RAMIREZ ("Petitioner"), through undersigned counsel, petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2241 and alleges as follows:

## I.

## INTRODUCTION

1. Petitioner Aram Misael Hernandez Ramirez seeks relief from continuing immigration detention that began with his warrantless arrest Petitioner was arrested on the morning of July 6, 2026 as he exited a local jail in Los Angeles, CA after being detained overnight in connection with a DUI arrest. He is presently confined at the Adelanto ICE Processing Center and appears to be detained under 8 U.S.C. § 1226(a).
2. Petitioner last entered the United States in 1989 after being lawfully admitted as a tourist. He is legally marred to a United States citizen, however he is not in a committed relationship with this person any longer. Petitioner is the father of six United States Citizen children, four of whom resided with Petitioner prior to his arrest. He has an approved I-130 that was filed by one of his children.
3. Petitioner was living in the city of Chatsworth at the time of his arrest. Petitioner rented an apartment where he lived with his four underage children.

4. Petitioner has sole legal custody of the children. The biological mother, legal wife, lost custody as a result of being in an abusive relationship with a partner that led to many incidents of domestic violence.
5. The children are now with Petitioner's sister who is providing temporary care.
6. Immigration officers arrested Petitioner on the morning of July 6, 2026 as he exited a local jail in Los Angeles, CA after being detained overnight in connection with a DUI arrest. These circumstances present a question antecedent to any discretionary assessment of bond: whether Respondents lawfully acquired and continue to exercise custody over Petitioner in accordance with the restrictions Congress imposed on warrantless immigration arrests and the procedural protections applicable to discretionary detention.
7. Section 1226(a) does not confer unrestricted authority to arrest any removable person at any time without a warrant. Congress separately conditioned the pertinent warrantless-arrest authority under 8 U.S.C. § 1357(a)(2) on an officer's reason to believe both that the individual is unlawfully present and that the individual is likely to escape before a warrant can be obtained. The latter requirement cannot be eliminated by establishing the former.

8. The Ninth Circuit recognized that distinction in *Mountain High Knitting, Inc. v. Reno*, 51 F.3d 216, 218 (9th Cir. 1995). More recently, the Central District ordered immediate release where the Government conceded detention under § 1226(a) but failed to establish either a valid warrant or the requisite escape-before-warrant justification. *Valtierra Moreno v. Mullin*, No. 5:26-cv-04291-MAR, Dkt. 15, at 5–6 (C.D. Cal. Sept. 22, 2026).

9. Petitioner seeks immediate release as relief for the unlawful initiation and continuation of his custody. Alternatively, he requests a prompt, constitutionally adequate custody hearing and an expedited return establishing precisely what authority and procedures Respondents contend support his detention.

10. This petition does not seek termination of removal proceedings, adjudication of an application for immigration relief, or review of a final removal order. Petitioner challenges his physical confinement while those proceedings remain pending.

## II.

## JURISDICTION AND VENUE

11. This Court has jurisdiction under 28 U.S.C. § 2241(c)(3) because Petitioner is in federal custody and alleges that his confinement violates the

Constitution and laws of the United States. Federal-question jurisdiction also exists under 28 U.S.C. § 1331.

12. Petitioner is physically confined at the Adelanto ICE Processing Center, 10250 Rancho Road, Adelanto, California, within this District. His immediate custodian, the Warden, is likewise located within this District.

13. Territorial jurisdiction and venue are therefore proper under the ordinary district-of-confinement and immediate-custodian principles governing habeas petitions. See *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35, 442–43 (2004).

14. Section 1226(e) does not withdraw jurisdiction over challenges to the statutory framework or constitutional procedures governing detention. *Jennings v. Rodriguez*, 583 U.S. 281, 295–96 (2018); *Demore v. Kim*, 538 U.S. 510, 516–17 (2003). Petitioner challenges the legal prerequisites for his arrest and confinement, not merely the weight assigned to competing evidence in a discretionary bond decision.

15. Section 1252(b)(9) does not require Petitioner to await the conclusion of removal proceedings before challenging this detention. His claims concern present physical custody and can be resolved without determining whether he ultimately may be removed. See *Jennings*, 583 U.S. at 293–95.

16. Petitioner requests an expedited return and adjudication under 28 U.S.C. § 2243.

## III.

## PARTIES

17. Petitioner ARAM MISAEL HERNANDEZ-RAMIREZ is a native and citizen of Mexico. Immigration authorities identify with A-Number 079-542-164. He is currently detained at the Adelanto ICE Processing Center.

15. Respondent MARKWAYNE MULLIN is the Secretary of the United States Department of Homeland Security ("DHS"). In that capacity, Respondent Mullin exercises responsibility for the administration and enforcement of the immigration laws and supervises DHS components, including U.S. Immigration and Customs Enforcement ("ICE"). See 8 U.S.C. § 1103(a). Respondent Mullin is named in his official capacity in connection with the challenged detention practices and the declaratory and prospective relief sought in this action.

16. Respondent TODD BLANCHE is the Attorney General of the United States. In that capacity, Respondent Blanche exercises statutory authority over the Executive Office for Immigration Review, including the immigration courts and the Board of Immigration Appeals, and the administration of immigration adjudication and custody-review procedures within their

jurisdiction. See 8 U.S.C. § 1103(g). Respondent Blanche is named in his official capacity with respect to the challenged legal framework and the alternative relief requesting a constitutionally adequate custody hearing. Petitioner does not allege that the Attorney General is his immediate physical custodian.

17. Respondent DAVID J. VENTURELLA is the Acting Director of ICE. In that capacity, Respondent Venturella exercises supervisory authority over ICE's immigration-enforcement and detention operations, including the implementation of policies and procedures governing civil immigration arrests, custody determinations, and release. Respondent Venturella is named in his official capacity in connection with ICE's continued detention of Petitioner and the prospective relief requested herein.

18. Respondent THOMAS GILES is the Acting Field Office Director for Los Angeles, ICE. On information and belief, Respondent Giles exercises supervisory authority over the ICE personnel responsible for Petitioner's immigration custody and the agency's continued detention of Petitioner at the Adelanto ICE Processing Center. Respondent Giles is named in his official capacity as the local ICE official responsible for implementing applicable custody requirements and effectuating any relief ordered by this Court within his authority.

19. Respondent FERETI SEMAIA is the Warden of the Adelanto ICE Processing Center, where Petitioner is physically confined. Respondent Semaia exercises immediate physical custody over Petitioner and is named in the official capacity of Warden. As Petitioner's immediate custodian within this District, Respondent Semaia is responsible for producing Petitioner as directed and implementing any order requiring his release. See 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004).

20. Respondents DOES 1 through 10, inclusive**,** are officials or custodial personnel whose identities and precise responsibilities are presently unknown to Petitioner and who, on information and belief, exercise authority over the custody or implementation of the detention practices challenged in this petition. These Respondents are named solely in their official or custodial capacities, to the extent their authority makes them proper parties to the requested habeas or prospective relief. Petitioner will seek leave to substitute their true names and specify their respective roles when that information becomes available.

21. Petitioner seeks habeas, declaratory, and prospective relief directed to Respondents' respective custodial and official responsibilities. He does not seek monetary damages or assert individual-capacity claims in this action.

18. All Respondents are sued solely in their official capacities.

## IV.

## FACTUAL BACKGROUND

A. *Petitioner's Residence, Employment, And Family*

19. Petitioner was born in Mexico in 1981. He first entered the United States lawfully in approximately 1989 as a tourist.

20. Petitioner enrolled in elementary school, middle school and high school in the United States.

21. Petitioner is married to a United States citizen, however is no longer in a relationship with his legal wife.

22. Before his detention, Petitioner lived in his community and worked various jobs throughout the city. He reports holding a driver's license and filing income-tax returns.

23. Petitioner and his wife have substantial family ties in the United States. Petitioner is the father of six United States citizen children.

24. Petitioner has an approved I-130 that was filed by one of his children.

25. Petitioner also has siblings that are United States citizens.

B. The Warrantless Arrest Upon Release From Jail

26. On the morning of July 6, 2026 as he exited a local jail in Los Angeles, CA after being detained overnight in connection with a DUI arrest. Petitioner is adamant that no arrest warrant was presented.

27. The officers did not have a warrant for his arrest. Petitioner was taken into immigration custody and remains detained.

28. Petitioner was arrested in the interior of the United States, approximately thirty-seven years after his last entry. He was not entering or attempting to enter the country when the officers apprehended him.

29. On information and belief, the arresting officers lacked an individualized basis to conclude that Petitioner would escape before an administrative arrest warrant could be obtained. That allegation rests on the circumstances presently known: Petitioner was apprehended upon exiting a local jail, had longstanding residential and family ties, was employed at Disasterz Reconstruction for more than four years, and has received no explanation identifying an escape-related exigency.

30. The operational facts concerning any pre-arrest investigation, the officers' knowledge, the time available to obtain a warrant, and any claimed exigency are principally within Respondents' possession. Petitioner requests their production and an opportunity to address any contrary evidence.

31. No arrest warrant or written initial custody determination has been furnished to counsel. No Form I-213 has been filed in the immigration record reviewed for this petition.

32. Petitioner does not equate the absence of I-213 with the absence of statutory authority. His warrantless-arrest allegation rests on the reported circumstances of the arrest. The missing records additionally prevent

examination of Respondents' asserted justification for the arrest and continued custody.

C. *Removal Proceedings And The Separate Question Of Custody*

33. DHS issued a Notice to Appear dated July 6, 2026. The NTA identifies Petitioner as a noncitizen present in the United States after overstaying a visa entry.

34. The NTA charges inadmissibility under INA § 237 (a)(1)(B).

35. The supplied immigration record contains a notation admitting the allegations and conceding the charges. Petitioner does not seek to withdraw those pleadings through this action. A concession of removability does not concede the lawfulness of a warrantless arrest or waive statutory and constitutional protections governing detention.

36. The NTA is distinct from an arrest warrant or a custody determination. Its existence therefore does not resolve whether officers complied with § 1357(a)(2) or whether continued detention followed a lawful custody determination.

37. EOIR information identifies the upcoming master calendar hearing as October 15, 2026, at 1:00 pm, before Immigration Judge Patrick Barrett in Adelanto.

38. That master calendar hearing concerns removal proceedings. Custody proceedings are separate. See 8 C.F.R. § 1003.19(d). The scheduling of a removal hearing does not itself establish that Petitioner has received review of detention.

39. Based on the information presently available, ICE appears to be detaining Petitioner under § 1226(a). Respondents have not furnished counsel with custody paperwork identifying a different statutory basis.

D. *Criminal-History Information*

40. Petitioner reports being convicted in the past for a two DUI's, one no license ticket, and an open DUI with an arrest date of July 5, 2026. The latter has not been formally filed with the Los Angeles Superior Court.

41. Petitioner also reports a dismissal of a 2022 DUI arrest.

42. Whatever relevance that history may have to a properly conducted custody determination, it does not eliminate the separate statutory requirement governing a warrantless civil immigration arrest: an individualized basis to believe escape would occur before a warrant could be obtained.

///

## V.

## LEGAL FRAMEWORK

A. *Section 1226 Governs This Interior Detention*

43. Section 1226(a) authorizes arrest on an administrative warrant and detention pending a decision on removal. Subject to applicable statutory exceptions, it permits release on bond or conditional parole.

44. In *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026), the Ninth Circuit held that noncitizens present without admission who are apprehended in the interior are governed by the § 1226 detention regime rather than § 1225(b)(2)(A)'s mandatory-detention provision. That holding accords with Petitioner's apparent classification.

45. The statutory classification is the beginning of the inquiry. Identifying § 1226(a) does not establish that the arrest complied with the warrant requirement or an applicable exception, or that the resulting custody complied with required procedures.

B. *Warrantless Arrest Requires A Distinct Escape-Before-Warrant Justification*

46. Section 1357(a)(2) authorizes the pertinent warrantless interior arrest only where the officer has reason to believe both that the person is present in violation of immigration law and that the person is likely to escape before a warrant can be obtained. The implementing regulation likewise requires an

arrest warrant unless the designated officer has reason to believe the person will escape before one can be obtained. 8 C.F.R. § 287.8(c)(2)(ii).

47. The Supreme Court has expressly distinguished arrest authority based on an administrative warrant from the more limited authority available without one. *Arizona v. United States*, 567 U.S. 387, 407–08 (2012). It also explained that an NTA supplies information about proceedings rather than authorization to arrest. *Id.* at 407.

48. In *Mountain High Knitting*, 51 F.3d at 218, the Ninth Circuit applied the escape-before-warrant requirement to civil immigration arrests arising from a workplace operation. The absence of grounds supporting the required escape finding was consequential even where officers possessed information concerning immigration status.

49. The inquiry is temporally specific. It concerns the likelihood of escape during the period needed to obtain a warrant, not merely whether a person might present some generalized risk of failing to appear at a future immigration hearing. Collapsing those questions would remove an express limitation Congress placed on warrantless arrest.

*C. Vasquez Perdomo Confirms That Escape Requires Individualized Pre-Arrest Probable Cause*

50. In Vasquez Perdomo v. Mullin, No. 2:25-cv-05605-MEMF-SP, Dkt. 738, at 32–35, 53–54 (C.D. Cal. Sept. 2, 2026), the court explained that § 1357(a)(2) requires individualized probable cause, before a warrantless civil immigration arrest, both of an immigration-law violation and, independently, that the person is likely to escape before a warrant can be obtained. Mere unlawful presence cannot itself establish the separate escape predicate. See also Tejeda-Mata v. INS, 626 F.2d 721, 725 (9th Cir. 1980); Mountain High Knitting, Inc. v. Reno, 51 F.3d 216, 218 (9th Cir. 1995).

51. The statutory inquiry is fixed at the time of seizure. Later-developed criminal-history allegations, generalized concerns about appearance, or post-arrest explanations cannot retroactively supply facts that officers did not possess when they dispensed with the warrant process. See Vasquez Perdomo, Dkt. 738 at 32–35; Devenpeck v. Alford, 543 U.S. 146, 152 (2004).

52. The decision also examined contemporaneous Forms I-213 and arrest narratives, noting guidance to document factors supporting an escape-before-warrant assessment. Id. at 47–48. Petitioner does not assert that the September 2026 injunction's documentation terms retroactively governed

his July 2026 arrest. Rather, the decision illuminates the preexisting statutory standard and the evidentiary importance of records reflecting what officers knew before arrest.

53. Petitioner was arrested upon exiting a Los Angeles jail on July 6, 2026. Unlike the detailed advance-surveillance record addressed in the separate Ruiz Sandoval matter, the presently available record in this case does not establish when ICE learned of Petitioner's release, whether it planned the encounter, or what specific escape facts officers possessed.

54. Respondents should produce any pre-arrest warrant, its issuance and approval history, the arrest narrative, any Form I-213, communications concerning anticipated release, and contemporaneous facts supporting the statutory exception.

55. If Respondents rely on an administrative warrant, they should establish that an authorized officer validly issued it before the physical seizure. An NTA or paperwork created or served after arrest does not itself demonstrate a pre-arrest warrant. If no such warrant existed, the Court should apply § 1357(a)(2)'s individualized, pre-arrest escape requirement. See Vasquez Perdomo, Dkt. 738 at 32–35.

56. Vasquez Perdomo further recognized, in the preliminary-injunction context, that detention flowing from an unlawful arrest constitutes a present liberty

injury. Id. at 41. That observation supports examination of the continuing custody challenged here, although the appropriate remedy in this individual habeas case must be determined on its own record.

D. *A Warrantless Arrest Also Triggers Prompt Custody Procedures*

57. Section 287.3 provides additional safeguards following warrantless arrest. It addresses examination by an authorized officer, required advisals, and an initial determination concerning continued custody or release.

58. Under § 287.3(d), that custody determination ordinarily must occur within forty-eight hours, subject to an emergency or other extraordinary circumstance permitting an additional reasonable period. The provision concerns an initial agency determination; it does not itself require an Immigration Judge bond hearing within forty-eight hours.

59. The custody-review procedures under 8 C.F.R. §§ 1236.1(d) and 1003.19 provide additional mechanisms for review where applicable. These protections cannot be replaced by merely placing an individual in removal proceedings.

## VI.

## EXHAUSTION

60. Petitioner challenges the statutory legality of the warrantless arrest and the constitutionally adequate basis for continuing custody. Those claims differ from a request that an Immigration Judge exercise discretion to set a particular bond amount.

61. Exhaustion in § 2241 litigation is generally prudential. *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). Courts consider whether administrative remedies are adequate and effective, whether their pursuit would be futile, and whether requiring exhaustion would cause irreparable injury. *Laing v. Ashcroft*, 370 F.3d 994, 1000–01 (9th Cir. 2004).

62. Petitioner requests excusal of any uncompleted administrative process with respect to the arrest-related claim because ordinary bond review does not necessarily adjudicate whether officers possessed the statutory authority to arrest without a warrant or supply the release remedy sought for that violation.

63. This request does not depend on an unsupported assertion that every administrative remedy is futile. Respondents should identify the procedure they contend can adjudicate the specific § 1357(a)(2) claim, the relief

available through it, and whether it can provide timely relief from the challenged custody.

64. With respect to any distinct claim concerning access to custody redetermination, the Court should consider the actual hearing history stated above. If further administrative proceedings are appropriate, Petitioner requests a short, definite schedule and retention of jurisdiction rather than open-ended continuation of detention.

## CLAIMS FOR RELIEF

## COUNT ONE

### Unlawful Warrantless Arrest and Resulting Custody
### 8 U.S.C. §§ 1226(a), 1357(a)(2); 8 C.F.R. § 287.8(c)(2)(ii); 28 U.S.C. § 2241

65. Petitioner incorporates the preceding allegations.

66. Respondents arrested Petitioner without a warrant. On information and belief, the arresting officers lacked the individualized escape-before-warrant justification required by § 1357(a)(2).

67. Petitioner's alleged removability does not satisfy that separate requirement. His lawful entry in 1989 likewise does not establish that he was likely to escape during the time reasonably necessary to obtain a warrant.

68. The known circumstances instead required an individualized inquiry. Petitioner had longstanding ties to his family and community and was apprehended upon release from a

local jail. Those circumstances do not conclusively foreclose an escape finding, but they prevent Respondents from substituting a categorical presumption for the statutory assessment.

69. In *Valtierra Moreno*, the Government agreed that § 1226(a) governed but did not rebut the warrantless-arrest claim or establish a reason to believe escape would occur before a warrant could be obtained. The court granted habeas relief and ordered immediate release. No. 5:26-cv-04291-MAR, Dkt. 15, at 5–6, 8–9. Its reasoning directly supports examination of the same statutory defect alleged here.

70. Petitioner acknowledges that the Government has not yet filed its return in this action. He therefore requests an expedited opportunity for Respondents to identify any warrant or contemporaneous facts supporting the statutory exception, followed by adjudication of the claim on the developed record.

71. If Respondents cannot establish a lawful basis for the warrantless arrest and resulting continuing custody, Petitioner requests issuance of the writ and immediate release.

72. Under Vasquez Perdomo, the Court should require competent evidence of a valid pre-seizure administrative warrant or, absent such a warrant, particularized facts known to the arresting officers before July 6, 2026 establishing probable cause that Petitioner was likely to escape before a warrant could be obtained.

73. Alleged removability and generalized flight-risk assertions are insufficient by themselves. No such individualized showing has been furnished to counsel on the record presently available.

74. Petitioner does not ask the Court to presume that ICE received advance release notice or conducted surveillance in this case. Those facts require proof.

75. If Respondents assert an escape exigency arising from the jail release, they should identify when they first knew of the release, the time reasonably available to secure administrative process, and the specific conduct or circumstances known before the seizure that made escape likely.

## COUNT TWO

### Failure to Provide Required Initial Custody Procedures
### 8 U.S.C. § 1226(a); 8 C.F.R. § 287.3(d); 28 U.S.C. § 2241

76. Petitioner incorporates the preceding allegations.

77. No written initial custody determination has been furnished to counsel, and the presently available record does not identify when such a determination occurred, who made it, what grounds supported continued detention, or what custody-review rights were communicated.

78. On information and belief, based on the absence of custody documentation or an identified determination, Respondents failed to provide the timely

initial custody determination required by § 287.3(d). The existence and timing of any internal determination are matters within Respondents' possession and should be established in their return.

79. Petitioner does not contend that nondelivery of paperwork conclusively proves no internal determination occurred. He alleges a procedural failure on the available information and requests the contemporaneous records necessary to adjudicate it.

80. In *Sargento-Ramirez v. Warden, Central Valley Annex Detention Facility*, No. 1:26-cv-07528-DAD-SCR, Dkt. 7, at 2–3 (E.D. Cal. Sept. 24, 2026), the court ordered immediate release where the record did not establish either an arrest warrant or an initial custody determination. It also required notice and a hearing before renewed detention absent exigent circumstances. That decision is persuasive support for meaningful review of the same combined defects alleged here.

81. The injury is the continuing deprivation of liberty without compliance with the procedures governing that deprivation. The remedy should address the established violation rather than assume that the existence of removal proceedings supplies the missing custody process.

///

///

**COUNT THREE**

**Deprivation of Liberty Without Due Process**

**Fifth Amendment; 28 U.S.C. § 2241**

82. Petitioner incorporates the preceding allegations.

83. The Fifth Amendment protects the liberty of persons within the United States, including noncitizens whose presence is unlawful. *Zadvydas v. Davis*, 533 U.S. 678, 690, 693 (2001). Petitioner invokes that constitutional principle without importing the distinct post-removal detention framework addressed in *Zadvydas*.

84. The required procedures depend on the private interest affected, the risk of erroneous deprivation and probable value of additional safeguards, and the Government's interests and administrative burdens. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

85. Petitioner's interest is substantial. His confinement removes him from his home, children, and employment. The private interest is physical liberty itself, reinforced by the concrete relationships disrupted by detention.

86. The risk of erroneous deprivation is likewise substantial where custody begins without a warrant, no individualized escape justification is identified, and the available record does not establish a timely initial custody

determination. These are safeguards directed to whether detention lawfully may begin and continue.

87. Petitioner's reported criminal history further demonstrates the value of accurate procedures. A decisionmaker must distinguish arrests from convictions, examine the reported acquittal, and assess current circumstances through reliable evidence. General references to criminal history cannot substitute for identification of the legal and factual grounds for confinement.

88. The Government has legitimate interests in appearance and public safety. Those interests warrant a lawful assessment; they do not excuse omission of the statutory prerequisites and procedures applicable to the particular detention.

89. In *Castellanos Franco v. Acting or Current Warden, Adelanto ICE Processing Center*, No. 5:26-cv-05549-MWC-DMK, Dkt. 11, at 6–10 (C.D. Cal. Sept. 29, 2026), the court granted temporary relief directing release after examining the procedural deficiencies surrounding the initial detention of an interior resident. It rejected the proposition that a protected liberty interest necessarily depends on a prior discretionary release by ICE.

90. Petitioner relies on that decision as persuasive preliminary-relief authority. His claim does not require treating longstanding residence as immunity from

arrest. It requires recognition that an initial detention remains subject to statutory restrictions and constitutional scrutiny.

91. *Hui Tang v. Mullin*, No. 5:26-cv-04881-KES, Dkt. 9, at 7–12 (C.D. Cal. Sept. 10, 2026), likewise recognized a protected liberty interest outside the narrow circumstance of prior ICE detention followed by release and ordered release to remedy the procedural violation found there.

92. *Hui Tang* involved lawful admission and immigration authorities' prior knowledge of an asylum applicant's presence. Petitioner does not claim those same circumstances. He relies on the court's analysis of liberty and remedy, together with the independent warrantless-arrest and custody-procedure defects alleged here.

93. Petitioner also recognizes that *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022), rejected the claimed entitlement to an additional government-burden hearing in the circumstances of a detainee who had already received an initial § 1226(a) hearing. It does not authorize ignoring the safeguards on which its analysis relied, including initial neutral review and opportunities to present evidence and seek further review. *Id.* at 1202.

94. Petitioner's claim concerns the specific defects surrounding this arrest and continuing custody. He does not contend that *Rodriguez Diaz* establishes an

automatic burden shift or that every first immigration arrest requires identical procedures.

95. Taken together, the warrantless seizure without an identified statutory exigency, the absence of an established timely custody determination, and the resulting continuing loss of liberty warrant relief under the Fifth Amendment.

**IMMEDIATE RELEASE IS THE APPROPRIATE PRIMARY REMEDY**

96. Petitioner seeks release to remedy unlawful custody, not dismissal of the immigration charges or a prohibition against pursuing removal.

97. *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1039–40 (1984), establishes that an unlawful arrest does not itself invalidate a subsequent deportation proceeding. Petitioner does not seek that result. The present question is whether Respondents can establish a lawful basis for his continuing physical confinement and what remedy is appropriate for the statutory and constitutional violations proved here.

98. Petitioner therefore does not ask the Court to assume that every arrest defect permanently bars later custody. Petitioner requests examination of the entire custody record, including any intervening process or independent legal basis Respondents contend supports continued detention.

99. Where the record establishes the violations alleged here and no sufficient intervening basis for custody, release restores the liberty unlawfully taken. A promise to consider bond at an unspecified future time would leave the challenged deprivation in place.

100. The remedies ordered in *Valtierra Moreno*, *Castellanos Franco*, and *Sargento-Ramirez* support immediate release where the particular statutory and procedural defects warrant it. The Court should apply their reasoning to the facts established in this case rather than presume a bond hearing is the exclusive available remedy.

101. If the Court determines that a prompt custody hearing is sufficient, Petitioner requests a hearing within seven days before a neutral adjudicator, with counsel, access to the evidence relied upon, an opportunity to present and contest evidence, a contemporaneous record, and a reasoned decision identifying the legal and factual grounds.

102. Petitioner requests a clear-and-convincing burden on the Government as an appropriate constitutional remedy for the violations found, not as an assertion that § 1226(a) invariably imposes that burden in every initial bond proceeding. If the Court declines that request, it should prescribe the burden and safeguards required under the governing law.

103. Any relief addressing future detention should be limited to Petitioner and the injury adjudicated. Petitioner requests notice and a meaningful hearing before renewed § 1226(a) detention on the same factual basis, subject to genuinely exigent circumstances and materially different lawful grounds.

## EXPEDITED RETURN AND RELEVANT CUSTODY RECORDS

104. Section 2243 requires Respondents to explain the cause of detention and provides for prompt resolution of the habeas inquiry. Petitioner requests an expedited return because each additional day extends the challenged deprivation of liberty.

105. Respondents should identify the precise detention statute and submit any arrest warrant, including its issuance and execution information; the I-213 and arrest narrative; the initial custody determination and its date; any notice of custody-review rights; and any custody-hearing request or decision.

106. Respondents should also identify the particular facts known to the arresting officers that allegedly established a likelihood of escape before a warrant could be obtained. If they invoke an emergency or extraordinary circumstance under § 287.3(d), they should identify that circumstance and the resulting timeline.

107. Consistent with Vasquez Perdomo, Respondents should additionally produce any Form I-200 or other asserted administrative warrant with issuance and approval metadata, evidence of the issuing officer's delegated authority, pre-arrest release notifications, surveillance or operational records, and any contemporaneous documented escape-before-warrant analysis. Petitioner requests that post-arrest justifications be distinguished from facts actually known before the seizure.

108. If Respondents assert mandatory detention or a different statutory basis, they should identify the applicable provision and the records establishing its predicates. Petitioner requests a meaningful opportunity to respond before a newly asserted classification is accepted as justification for continued confinement.

109. Petitioner requests an evidentiary hearing if material disputes concerning the warrant, escape justification, or custody procedures cannot be resolved on the documentary record.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner respectfully requests that this Court:

A. Assume jurisdiction over this petition and direct an expedited return under 28 U.S.C. § 2243;

B. Require Respondents to identify and document the legal and factual basis for Petitioner's arrest and continued custody;

C. Declare, upon the requisite findings, that Petitioner's warrantless arrest violated 8 U.S.C. § 1357(a)(2) and 8 C.F.R. § 287.8(c)(2)(ii);

D. Declare, upon the requisite findings, that Respondents failed to provide the custody procedures required by applicable regulations and the Fifth Amendment;

E. Grant the writ and order Petitioner's immediate release from the Adelanto ICE Processing Center;

F. Require Respondents to file prompt notice confirming compliance with the release order;

G. Alternatively, issue a conditional writ requiring a constitutionally adequate custody hearing within seven days, with the burden and procedural protections prescribed by the Court, and direct release if Respondents fail to provide that hearing within the ordered period;

H. Require that any hearing include notice of the asserted grounds for detention, meaningful access to the evidence relied upon, an opportunity to present evidence through counsel, a contemporaneous record, and a reasoned determination;

I. To the extent warranted by the constitutional findings, place on Respondents the burden of establishing the necessity of continued detention by clear and convincing evidence and require appropriate consideration of release conditions;

J. Enter narrowly tailored relief requiring reasonable advance notice and a hearing before renewed detention under § 1226(a) on the same factual basis, absent genuine exigency or materially different lawful grounds;

K. Retain jurisdiction to enforce the judgment; and

L. Grant any further relief the Court determines just and proper.

Dated this 7th day of October, 2026.

Carlos R. Barrios

**VERIFICATION BY PETITIONER PURSUANT TO 28 U.S.C. § 2242**

I, Carlos Barrios, am submitting this verification on behalf of ARAM MISAEL HERNANDEZ-RAMIREZ, who is currently detained by the U.S. Department of Homeland Security at the ADELANTO ICE PROCESSING CENTER in Adelanto, California. Petitioner is being held under conditions that severely restrict or prevent meaningful communication with the outside world.

As a result, he is unable to review or sign this petition personally or to prepare and file it on his own behalf.

I have communicated with Petitioner to the extent possible and have obtained the factual information contained in this Petition from my direct knowledge, records, and reliable sources. I hereby verify that, to the best of my knowledge and belief, the factual statements contained in the attached Petition for Writ of Habeas Corpus are true and correct, and that I could testify to those facts if called upon to do so.

Date: 10-8-2026

Carlos Barrios