**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| ARAM MISAEL HERNANDEZ-RAMIREZ,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN et al.,<br><br>Respondents. | Case No. 5:26-cv-05981-DFM<br><br>ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND ISSUING CONDITIONAL WRIT |

## I. INTRODUCTION

Petitioner Aram Misael Hernandez-Ramirez, a citizen of Mexico, has been in immigration detention since July 6, 2026. He petitions for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his warrantless arrest, the custody procedures that followed it, and his continued detention. See Dkt. 1 ("Petition"). Respondents answer that he was "arrested pursuant to an administrative warrant" and may obtain, at most, a bond hearing under 8 U.S.C. § 1226(a). See Dkt. 8 ("Answer") at 2-3. Petitioner replied. See Dkt. 9 ("Reply").

The warrant on which Respondents rely is not in the record. If one authorizes Petitioner's custody, the appropriate remedy is the custody hearing Respondents concede. If none exists, Respondents have shown no authority for his detention. The Court therefore issues a conditional writ that turns on

whether Respondents produce the warrant. For the reasons set forth below, the Petition is **GRANTED** in part, and the remaining claims are **DISMISSED** without prejudice.

## II. BACKGROUND

Petitioner, born in Mexico in 1981, was admitted as a nonimmigrant visitor around 1989 or 1990 and has lived in the United States since. See Petition at 2, 9; Dkt. 8-1 ("Form I-213") at 3. According to the Form I-213, an immigration judge ("IJ") ordered him removed in absentia in 2006; U.S. Immigration and Customs Enforcement ("ICE") apprehended him in August 2011 and released him on supervision in January 2012; and an IJ terminated his removal proceedings on March 13, 2012. See Form I-213 at 3-4. He has a criminal record that includes DUI arrests and convictions. See Petition at 12; Form I-213 at 4-5.

The parties' accounts of the July 6, 2026 arrest differ. Petitioner states that officers arrested him as he left a local jail after an overnight DUI hold and presented no warrant. See Petition at 2, 9-10. The Form I-213 states that ICE officers arrived at Petitioner's "last known location" at about 6:30 a.m. as part of a "targeted enforcement operation," saw him "exiting the premises" shortly after noon, interviewed him, and arrested him at about 12:10 p.m. "outside, on public property, during a pedestrian stop." Form I-213 at 3-4. The Form-213 narrative mentions no warrant and no facts bearing on whether Petitioner was likely to escape. See id.

ICE reportedly served a Notice to Appear that day, charging Petitioner as removable for overstaying his admission, and he has conceded the charge. See id. at 4, 6; Petition at 11. A master calendar hearing was set for October 15, 2026. See Petition at 11. The record does not show what occurred at that hearing, whether Petitioner has sought custody redetermination, or whether ICE made a written initial custody determination. See id. at 10-12.

# III. DISCUSSION

A federal court may grant a writ of habeas corpus to a petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see also Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001). Section 1226(e) does not bar review of constitutional claims and questions of law, but the Court does not substitute its judgment for an IJ's discretionary custody assessment. See 8 U.S.C. § 1226(e); Hernandez v. Sessions, 872 F.3d 976, 987-88 (9th Cir. 2017).

## A. Detention Authority and Exhaustion

The parties correctly agree that § 1226(a) governs the detention of a noncitizen charged with overstaying a nonimmigrant admission. See Answer at 2; Reply at 4; Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1167 (9th Cir. 2026). Respondents' assertion that this is Petitioner's "first detention," Answer at 2, is contradicted by their own exhibit, see Form I-213 at 3-4, but the Court need not decide its significance.

Respondents argue that Petitioner must first seek a bond hearing, see Answer at 2, but exhaustion here is prudential, see Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011) (as amended); Laing v. Ashcroft, 370 F.3d 994, 1000-01 (9th Cir. 2004), and is not required for errors that lie "outside the BIA's ken," Liu v. Waters, 55 F.3d 421, 426 (9th Cir. 1995). A bond hearing asks whether a detainee is a danger or a flight risk, not whether a warrant authorizes his custody, and Respondents identify no procedure that would decide that question. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1197 (9th Cir. 2022). The Court excuses exhaustion as to it.

## B. Count One: Authority for Petitioner's Present Custody

### 1. Governing Rule

Section 1226(a) authorizes arrest and detention "[o]n a warrant issued by the Attorney General." An officer may arrest without a warrant only with

"reason to believe" that the person is unlawfully present "and is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2); see also 8 C.F.R. § 287.8(c)(2)(ii). "Reason to believe" means probable cause, see Tejeda-Mata v. INS, 626 F.2d 721, 725 (9th Cir. 1980), and unlawful presence alone does not establish a likelihood of escape, see Mountain High Knitting, Inc. v. Reno, 51 F.3d 216, 218 (9th Cir. 1995).[1]

**2. The Answer**

Respondents assert that Petitioner "was arrested pursuant to an administrative warrant. See attached I-213 and warrant." Answer at 2. No warrant is attached. The Form I-213's "Warrant of Arrest/Notice to Appear" disposition entry does not show that a warrant existed before the arrest, when one issued, or who issued it, and the form records no facts suggesting that Petitioner was likely to escape during an operation that began more than five hours before his arrest. See Form I-213 at 1, 3-4, 6. Respondents make no argument under § 1357(a)(2).

That record raises serious questions, but Respondents assert that a warrant exists and apparently intended to file it. The Court will not decide that factual question against them on the papers or treat the missing exhibit as a default. See Walker v. Johnston, 312 U.S. 275, 284-87 (1941); Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990).

**3. What the Warrant Question Decides**

Habeas corpus tests the lawfulness of present custody, and "if sufficient ground for [the petitioner's] detention by the government is shown, he is not to

---

[1] Petitioner also cites Vasquez Perdomo v. Mullin, --- F.Supp.3d ---, 2026 WL 2751388 (C.D. Cal. Sept. 2, 2026), which preliminarily enjoined warrantless arrests in this District absent individualized probable cause of likely escape. He does not contend that the injunction, which postdates his arrest, governs it, see Petition at 15-16, and the Court does not rely on it.

be discharged for defects in the original arrest or commitment." United States ex rel. Bilokumsky v. Tod, 263 U.S. 149, 158 (1923) (citation omitted); see also INS v. Lopez-Mendoza, 468 U.S. 1032, 1039-40 (1984); Arias v. Rogers, 676 F.2d 1139, 1143-44 (7th Cir. 1982). If a warrant authorized the arrest, Count One fails. If one issued afterward, Petitioner's custody rests on that warrant and his pending removal proceedings, and a defect in the original seizure would not require his discharge. See Bispo Esteves v. Wesling, No. 26-14255, 2026 WL 3083922 (D. Mass. Oct. 15, 2026) (ordering bond hearing rather than release where detention rested on warrant issued day after arrest). Either way, the appropriate remedy is the § 1226(a) custody hearing Respondents concede.

Petitioner argues that a later bond hearing cannot cure an unlawful seizure. See Reply at 3. His authorities do not establish that. Castellanos Franco v. Warden, Adelanto ICE Processing Ctr., No. 26-5549, 2026 WL 2922670, at *3-5 (C.D. Cal. Sept. 29, 2026), granted a temporary restraining order based on a due process analysis under Mathews v. Eldridge, 424 U.S. 319 (1976), which the Court does not reach here. Sargento-Ramirez v. Warden, Cent. Valley Annex Det. Facility, No. 26-7528, 2026 WL 2883476, at *1 (E.D. Cal. Sept. 24, 2026), states that release is mandated when an arrest does not follow or accompany a warrant; to the extent that rule would require release where a valid warrant now authorizes custody, the Court declines to follow it in light of Bilokumsky. Any challenge to the arrest's effect on the removal proceedings belongs before the immigration judge. See Lopez-Mendoza, 468 U.S. at 1040, 1050-51.

If no warrant exists, the result is different. Respondents invoke no detention authority other than § 1226(a), which requires a warrant, and they have shown no facts satisfying § 1357(a)(2). They would then have shown no "sufficient ground" for Petitioner's detention, Bilokumsky, 263 U.S. at 158, and release would be appropriate, see Zhengkun Qu v. Janecha, No. 26-05419,

2026 WL 3034853, at *3-5 (C.D. Cal. Oct. 9, 2026) (ordering release to petitioner detained by ICE without a warrant and no facts that there had been any likelihood of escape). Petitioner's criminal history, on which Respondents rely, bears on whether he should be released on bond, not on whether Respondents have authority to detain him.

**4. Remedy**

A conditional writ tied to the warrant question disposes of the Petition "as law and justice require" without another round of briefing. 28 U.S.C. § 2243; see also Rose v. Guyer, 961 F.3d 1238, 1242, 1246 (9th Cir. 2020); Salazar-Lopez v. Mullin, No. 26-871, 2026 WL 1414066 (D. Nev. May 20, 2026) (enforcing a "conditional order of release, which afforded the government an opportunity to promptly take some remedial action or release [p]etitioner") (cleaned up). So that the condition does not substitute for a determination the Court has not made, the deadlines are suspended if Respondents assert authority other than § 1226(a), and Petitioner may object that a produced warrant or asserted authority does not supply "sufficient ground" for his detention, Bilokumsky, 263 U.S. at 158.

At any hearing, Petitioner must show by a preponderance of the evidence that he is not a danger or a flight risk. See Rodriguez Diaz, 53 F.4th at 1197. He identifies no authority requiring the Government to bear a clear-and-convincing burden at the hearing ordered here, see Petition at 27, 31, and Rodriguez Diaz rejected such a requirement for a § 1226(a) detainee who had received the statutory process, see 53 F.4th at 1202-13.

**C. Remaining Requests for Relief**

The relief on Count One gives Petitioner either release or the custody determination that Counts Two and Three seek. The Court does not decide whether Respondents violated 8 C.F.R. § 287.3(d) or the Fifth Amendment and dismisses those counts without prejudice. Because no violation has been

adjudicated, the Court denies declaratory relief and advance notice before any future detention, see Petition at 30-31; nothing in this Order restricts lawful future detention or Petitioner's ability to challenge it. The governing regulations supply the hearing procedures, see 8 C.F.R. §§ 236.1(d)(1), 1003.19, and Petitioner has not shown that more are necessary.

## IV. ORDER

For the foregoing reasons, IT IS ORDERED that:

1. The Petition (Dkt. 1) is **GRANTED** in part as to Count One, and a conditional writ of habeas corpus issues as follows:

a. Within three (3) court days of the date of this Order, Respondents must file (i) any warrant under which Petitioner was arrested or is presently detained, with a declaration stating its date and time of issuance and the issuing officer; (ii) any initial custody determination made under 8 C.F.R. § 287.3(d); and (iii) if Respondents contend that Petitioner is detained under authority other than 8 U.S.C. § 1226(a), a statement identifying that authority, with the supporting records.

b. If Respondents file neither a warrant nor a statement under paragraph 1(a)(iii), they must release Petitioner within twenty-four (24) hours after the filing deadline, on no conditions beyond those, if any, that lawfully applied to him immediately before his July 6, 2026 arrest.

c. If Respondents file a warrant and no statement under paragraph 1(a)(iii), they must provide Petitioner a custody redetermination hearing before an immigration judge under 8 U.S.C. § 1226(a) and its implementing regulations within seven (7) days of the date of this Order. If they do not, they must release Petitioner within twenty-four (24) hours after that period expires, on the terms stated in paragraph 1(b).

d. If Respondents file a statement under paragraph 1(a)(iii), with or without a warrant, the deadlines in paragraphs 1(b) and 1(c) are

suspended. The Court will promptly determine whether the asserted authority supports Petitioner's detention and will set any further deadlines.

e. Within two (2) court days after Respondents' filing, Petitioner may file a response identifying any factual dispute or legal objection concerning a produced warrant or an asserted custody authority. The Court will resolve any such dispute or objection in determining compliance with this Order. Unless paragraph 1(d) applies, the hearing required by paragraph 1(c) will proceed in the meantime.

f. Within three (3) court days of Petitioner's release or the conclusion of the hearing, whichever occurs first, Respondents must file a notice of compliance with this Order.

2. Petitioner's requests for a burden of proof by clear and convincing evidence, for additional hearing procedures, for declaratory relief, and for restrictions on future detention are **DENIED**.

3. Counts Two and Three are **DISMISSED** without prejudice.

4. The Court retains jurisdiction to enforce this Order.

Date: October 22, 2026

DOUGLAS F. McCORMICK
United States Magistrate Judge